IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MAHMOUD AHMADI,

     Plaintiff,

v.

                                    2:26-CV-044-Z

LIFE TIME, INC.,

     Defendant.

**ORDER TO TRANSFER VENUE**

Before the Court is Defendant Life Time, Inc.'s ("Life Time") Unopposed Motion to Transfer Venue ("Motion"), filed March 9, 2026. ECF No. 3. Life Time asks the Court to transfer venue to the "Eastern District of Texas, Sherman Division" because Plaintiff's suit arises from injuries he allegedly sustained "while using the services at Defendant's health club located at 490 Throne Hall Way, Frisco, Texas 75034." *Id.* at 1. Plaintiff initially filed suit in Texas state court in Collin County, which is within the Eastern District of Texas. *See id.* at 2. Life Time "unintentionally erred when removing the case to the U.S. Northern District Court of Texas, Amarillo Division" *Id.* at 3. "Plaintiff is unopposed to this Motion." *Id.* at 6.

28 U.S.C. Section 1404(a) provides that for the "convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." *TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 458 (N.D. Tex. 2017) (quoting 28 U.S.C. § 1404(a)). Under 28 U.S.C. Section 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Courts have "broad discretion in deciding whether to order a transfer." *TransFirst Grp.*, 237 F. Supp. 3d at 458 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

In this case, "a substantial part of the events or omissions giving rise to" Plaintiff's claims allegedly occurred in Frisco, Texas, which is in the Sherman Division of the Eastern District of Texas. 28 U.S.C. § 1391(b)(2). Plaintiff is also not a resident of this District and resides instead in Plano, Texas. ECF No. 3 at 3. Venue is therefore proper in the Eastern District of Texas.

Accordingly, the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Sherman Division.

**SO ORDERED.**

March _11_, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2